IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| GLOBAL ENERGY | : | CIVIL ACTION |
| CONSULTANTS, LLC, | : | NO. 08-5827 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOLTEC INTERNATIONAL, | : | |
| INC., et al, | : | |
| | : | |
| Defendants. | : | |


M E M O R A N D U M


EDUARDO C. ROBRENO, J.                                    AUGUST 17, 2011


I.    **INTRODUCTION**

On December 16, 2008, Plaintiff Global Energy

Consultants LLC ("GEC" or "Plaintiff") initiated this action

against Defendants Holtec Manufacturing, Inc. and Holtec

Manufacturing Division, Inc. ("Holtec" or "Defendant"),[1]

asserting claims of breach of contract arising out of Holtec's

alleged breach of a non-circumvention and confidentiality

---

[1]    In its Answer, Defendant noted that its proper name is
"Holtec International Corporation," not Holtec Manufacturing Inc.
and Holtec Manufacturing Division, Inc.  On February 16, 2010,
Holtec International was substituted for Holtec International,
Inc. as a Defendant.

agreement between the parties.  Defendant brings a Partial Motion
for Summary Judgment as to Plaintiff's remaining claims.[2]  For
the reasons set forth below, the Court will grant Defendant's
Motion for Partial Summary Judgment.

## II.   BACKGROUND[3]

        In September of 2001, GEC approached Holtec with an
invitation to join a team that GEC was creating to pursue spent
nuclear fuel ("SNF") storage projects in Europe. (Plf.'s Part.
Mot. Summ. J., Ex. 1 (Letters from GEC to Defendants).)  Before
learning the details of this invitation, GEC had Holtec sign
confidentiality and non-circumvention agreements ("Agreement").
(Plf.'s Part. Mot. Summ. J., Ex. 2 (Letter from Defendant and
GEC).)  Pursuant to the contract GEC would provide information,
concepts, and ideas:

> to assist the parties in their evaluation of a possible
> business relationship with each other related to
> various possible businesses, and arrangements; and
> during the conduct of such business resulting from said
> evaluations or other considerations...

---

[2]     Plaintiff has moved to dismiss all claims based upon
any alleged oral contracts.  The Court will grant Plaintiff's
Motion to Dismiss.  Thus, Defendant's Motion for Partial Summary
Judgment addresses all of Plaintiff's remaining claims based on
the parties' written contract.

[3]     As the Plaintiff is the nonmoving party, these facts
are taken in the light most favorable to the Plaintiff.  However,
the parties do not dispute the language of their written
agreement which is the basis for the Court's analysis.

(Diehl Decl. Ex. 8.)   The Agreement also included a non-

circumvention clause:

> Each party acknowledges that Holtec and GEC may be in
> similar businesses, and are not constrained by this
> Agreement with respect to other business activities
> except solely to the extent of the express prohibitions
> contained herein. Each party further agrees to not
> circumvent the other party, or to circumvent the other
> party to the other party's clients without written
> authorization.

(Id. at ¶ 8.)

Following the signing of the Agreement, GEC sent to

Holtec a brief overview of the proposal and an "Executive

Summary" of GEC's Business Plan.   (Plf.'s Part. Mot. Summ. J.,

Ex. 3.)   Mr. Thomas Jones, President of GEC, explained to Holtec

that he had developed a concept of an international SNF storage

facility with an initial focus on three countries, including

Ukraine and Switzerland.   However, GEC's plan for an

international SNF storage facility did not ultimately

materialize.

GEC alleges that Holtec used the information that GEC

provided, as well as GEC's contacts and efforts to obtain

contracts for SNF storage within Ukraine and Switzerland.   GEC

alleges that these actions are a breach of their Agreement.


**III. DISCUSSION**

In Defendant's Partial Motion for Summary Judgment,

Defendant argues that it is entitled to judgment as a matter of law because the parties' Agreement is unenforceable.  (See generally Def. Part. Mot. Summ. J., Docket No. 56.)  Plaintiff responds that the Agreement is enforceable because it is not ambiguous or indefinite.  (See generally Plf.'s Resp., Docket No. 94.)  For the reasons below, Defendant's Partial Motion for Summary Judgment will be granted because the parties' Agreement is unenforceable as a matter of law.


1.    Motion for Summary Judgment under Rule 56

        Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact."  Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.

        In undertaking this analysis, the court views the facts in the light most favorable to the nonmoving party.  "After

- 4 -

making all reasonable inferences in the nonmoving party's favor,

there is a genuine issue of material fact if a reasonable jury

could find for the nonmoving party."  Pignataro v. Port Auth. of

N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance

Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)).  While

the moving party bears the initial burden of showing the absence

of a genuine issue of material fact, meeting this obligation

shifts the burden to the nonmoving party who must "set forth

specific facts showing that there is a genuine issue for trial."

Anderson, 477 U.S. at 250.

> 2.    The Non-Circumvention Provision is Indefinite And
>        Therefore Unenforceable Under the Terms of the
>        Agreement.

        Under the terms of the Agreement, Massachusetts

substantive law applies.  (Diehl Decl. Ex. 1 ¶ 7.)  "To state a

claim for breach of contract under Massachusetts law, a plaintiff

must allege, at a minimum, that there was a valid contract, that

the defendant breached its duties under the contractual

agreement, and that the breach caused the plaintiff damage."

Guckenberger v. Boston Univ., 957 F. Supp. 306, 316 (D. Mass.

1997) (citing Loranger Const. Corp. v. E.F. Hauserman, Co., 294

N.E.2d 453, 454 (Mass. App. Ct. 1973)).  "Plaintiffs have the

burden of proving the existence of a contract."  Moore v.

La-Z-Boy, Inc., 639 F. Supp. 2d 136, 140 (D. Mass. 2009) (citing

Canney v. New England Tel. & Tel. Co., 228 N.E.2d 723 (Mass. 1967)). "Whether a purported contract contains the necessary elements for enforceability is (ordinarily) a question of law reserved for the court." Moore, 639 F. Supp. 2d at 140 (quoting Schwanbeck v. Federal-Mogul Corp., 592 N.E.2d 1289 (Mass. 1992)).

"It is axiomatic that to create an enforceable contract, there must be an agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement." Situation Mgmt. Sys., Inc. v. Malouf, Inc., 724 N.E.2d 699 (Mass. 2000); see also Moore, 639 F. Supp. 2d at 140. "All of the essential terms of a contract must be sufficiently definite so that the nature and extent of the obligations of the parties can be ascertained. However, a contract is not to be held unenforceable 'if, when applied to the transaction and construed in the light of the attending circumstances,' the meaning can be ascertained with reasonable certainty." Simons v. American Dry Ginger Ale Co., 140 N.E.2d 649 (Mass. 1957) (quoting Cygan, 96 N.E.2d 702 (Mass. 1951)); see also Cape Oil Delivery, Inc. v. Hayes, 20 Mass. L. Rep. 469 (Mass. Super. Ct. 2005). Although "unspecified terms will not necessarily preclude the formation of a binding contract," Situation Mgmt., 724 N.E.2d 699, "[i]t is essential to the existence of a contract that its nature and the extent of its obligations be certain. This rule has been long established,"

Caggiano v. Marchegiano, 99 N.E.2d 861 (Mass. 1951).

Further, in "the leading case of [Cygan], the court said '[a] contract is not to be struck down because one of its material provisions is stated in broad and general terms if, when applied to the transaction and construed in the light of the attending circumstances, the meaning to be attributed to it can be interpreted with reasonable certainty so that the rights and obligations of the parties can be fixed and determined.'" United Liquors, Inc. v. Carillon Importers, Ltd., 893 F.2d 1, 2 (1st Cir. 1989) (quoting Cygan, 96 N.E.2d at 703). "While in some cases, it is appropriate for the court to supply a missing term negotiated by the parties, but mistakenly omitted from their agreement, it may do so only when the terms of the contract are otherwise unambiguous." Moore, 639 F. Supp. 2d at 141 (citing Diamond Crystal Brands, Inc. v. Backleaf, LLC, 803 N.E.2d 744 (Mass. App. Ct. 2004)).

"'The difficulty here is that the [agreement] sued on is silent as to material matters important in its interpretation for the ascertainment of the obligations of the parties . . . . Many of the essential terms necessarily involved in the proposed undertaking are not set forth and without them no enforceable contract is shown.'" Moore, 639 F. Supp. 2d at 141 (quoting Geo. W. Wilcox, Inc. v. Shell E. Petroleum Prods., Inc., 186 N.E. 562 (Mass. 1933)). "Construction and enforcement of the agreement

without these essential terms would be futile, and [the court] cannot supply these provisions without writing a contract for the parties which they themselves did not make."  Moore, 639 F. Supp. 2d at 141 (quoting Held v. Zamparelli, 431 N.E.2d 961 (Mass. App. Ct. 1982)).

"[I]nchoate language, which both anticipates a final agreement and is imperfect in material respects, fails to bind the parties."  Jones v. Consol. Rail Corp., 597 N.E.2d 1375 (Mass. App. Ct. 1992); see Buker v. Nat'l Mgmt. Corp., 448 N.E.2d 1299 (Mass. App. Ct. 1983) (defendant's oral promise to "work things out" was too vague to form a contract); Moore, 639 F. Supp. 2d at 141 (citing Brookhaven Hous. Coal. v. Solomon, 583 F.2d 584, 593-94 (2d Cir. 1978) (town's promise to "provide whatever programs would be necessary" unenforceable for lack of specificity)); Cabot Corp. v. AVX Corp., 863 N.E.2d 503 (Mass. 2007) (a "contract" to purchase an unspecified amount of goods is "not a contract at all"); PSMG Int'l, Inc. v. Nodine's Smokehouse, Inc., 2009 U.S. Dist. LEXIS 102296, 9-10 (D. Mass. Nov. 3, 2009)(finding that a "contract" to provide "all documentation necessary" was too vague to operate as a binding contract); United Liquors, Inc. v. Carillon Importers, Ltd., 893 F.2d 1, 2 (1st Cir. 1989) (finding that the term "longer" and "mutually agreed upon" were too indefinite to enforce a contract); but see Cygan, 96 N.E.2d at 703 (construing a contract

to mean "reasonable compensation" where the terms "additional

compensation" if defendants "got on their feet" was too

indefinite).

Here, the non-circumvention clause in the Agreement

between GEC and the Holtec Companies is indefinite.  It states:

"Each party further agrees not to circumvent the other party, or

to circumvent the other party to the other party's clients

without written authorization." (Diehl Decl. Exs. 8 and 11, ¶ 8.)

Significantly, the term "circumvention" is not defined.  Its

meaning is also not clarified by the Agreement.  There are no

examples of what constitutes circumvention.

The term "circumvention" is as ambiguous as the word

"necessary" which the the courts in Brookhaven and PSMG found to

be too ambiguous to be enforceable as the parties' obligations

were unclear under the contract.  Brookhaven, 583 F.2d at 593-94;

PSMG, 2009 U.S. Dist. LEXIS 102296 at 9-10.  Further, a

Connecticut court has considered a non-circumvention contract

such as the Agreement at issue here and critically noted that the

meaning of the term circumvent, without further definition, is

"nebulous."  See Consumer Incentive Serv. v. Memberworks, Inc.,

CV990362655, 2003 Conn. Super. LEXIS 3381, at *15 (Conn. Super.

Ct. Dec. 8, 2003).[4]

---

[4]    "Circumvent means, among other things, to deceive,
trick, dupe, bamboozle, hornswaggle, string along, put something
over, slip one over on, pull a fast one on, betray, leave in the
lurch, holding the bag, double-cross, cheat on, two-time,

While the term "circumvention" is by itself indefinite, the parties' changing understanding of what constitutes "circumvention" further proves that the term is indefinite. Pittsfield & N.A.R. Corp. v. Boston & A.R. Co., 260 Mass. 390, 398 (1927) (citation omitted)(finding that "there is no surer way to find out what parties meant, than to see what they have done.")  Significantly, not even GEC, who drafted the Agreement, can provide a certain and constant definition of "circumvention." GEC's representatives' testimony (Diehl Decl. Ex. 2, Jones Dep. Tr. at 112:8-113:12; 132:18-135:12; 138:21-139:2; 190:25-192:25; 248:21-249:24; 295:25-296:13; 298:5-11) and interrogatory responses (Id. Ex. 28, ¶ 5) demonstrate that GEC considered communications or negotiations by the Holtec Companies with a third party in pursuit of SNF storage opportunities in Europe to be "circumvention." (Id. Ex. 29-33.)  However, in response to the

---

outmaneuver, outsmart, evade, get out of, give one the run-around, throw off the scent, outwit, outsmart, get the better of, stonewall, elude, give the slip, pull a fast one, make a fool of, make a sucker of, victimize, cut the ground from under one, tie one's hands, and clip the wings of, to keep away from avoid, bypass, dodge, duck, escape, eschew, get around shun, keep (or stay) (or steer) clear of, to pass around but not through, circumnavigate, detour, go around, skirt, to avoid fulfilling or answering completely, sidestep, to get away from (a pursuer), lose, shake off, slip, throw off, give someone the shake (something requiring an outlet) in check, choke back, hold back, hold down, hush (up), muffle, quench, repress, smother, squelch, stifle, strangle, suppress, to slight (someone) deliberately, rebuff, snub, spurn, close (or shut) the door on, give someone the cold shoulder, give someone the go-by, turn one's back." Consumer Incentive Servs., LEXIS 3381 *15 n.5 (citing Roget's International Thesaurus, 4th Edition (1977); Roget's II: The New Thesaurus, Third Edition, 1995)).

Holtec Companies' summary judgment motion on the statute of

limitations issue (doc. no. 33), GEC changed its definition of

"circumvention."  According to GEC's new understanding, the

"direct contacts and negotiations [by Holtec] could not be

considered circumvention." (doc. no. 48 at p. 9.)[5]

        GEC points to courts that have found non-circumvention

agreements to be enforceable.  However, in these cases, the

meaning of circumvention and the prohibited actions were clear

from the agreement.  Eden Hannon & Co. v. Sumitomo Trust &

Banking Co., 914 F.2d 556 (4th Cir. 1990) (finding a defendant

breached the specific provision of the non-circumvention

agreement by independently bidding on the Xerox program where the

defendant, a potential investor of the plaintiff, signed a

non-circumvention agreement which specifically required that the

potential investor "not to independently purchase lease

transactions" with Xerox's PAS Program "for a period equal to the

term of the Purchase Agreement"); Cura Financial Services v.

Electronic Payment Exchange, Inc., 2001 WL 1334188, *1 (Del.)

(2001) (finding that a defendant clearly violated the

_____

        [5]    The Court points to the parties' changing understanding
of "circumvent" only to show that the term is indefinite.  These
understandings likely cannot be used to establish some sort of
"understanding" or other agreement with the parties as the signed
Agreement states "[t]his Agreement represents the entire
understanding and agreement between the parties hereto with
respect to the subject matter hereof and supercedes all other
agreements or understandings, written or oral, between the
parties with respect to the subject matter hereof."  (Diehl Decl.
Exs. 8 and 11, ¶ 6.)

non-circumvention agreement where the defendant committed,

through the contract, not to "deal with Cura's confidential bank

sources without Cura's permission, and would not otherwise

circumvent Cura in dealing with Cura's bank sources" but

subsequently forged a relationship with the plaintiff's bank,

without permission from or compensation to the plaintiff).[6]

Therefore, because the Agreement in this case is

unenforceable as a matter of law, Defendant's Partial Motion for

Summary Judgment will be granted.[7]

## IV. CONCLUSION

---

[6]   GEC also argues that a contract is still enforceable in
the absence of a compensation term.  GEC argues that
Massachusetts courts have held that "[w]here the parties to a
contract have not agreed with respect to a term which is
essential to a determination of their rights and duties, a term
which is reasonable in the circumstances will be supplied by the
court." Fay, Spofford & Thorndike, Inc. v. Massachusetts Port
Authority, 387 N.E.2d 206 (Mass. App. Ct. 1979) (citation
omitted).  When an essential term of a contract is missing the
court will "interpret the contract sensibly in the light of the
terms of the document taken as a whole." Id.  However, this case
is not one where a reasonable interpretation of "circumvention"
can be made by the Court based on the circumstances.  This case
is not like Cygan, where a court construed "additional
compensation" to mean "reasonable compensation," a rate that is
ascertainable based on the market rate.  Because the Court cannot
sufficiently determine the meaning of "circumvent" as it was
meant in the Agreement, the Court does not reach the issue of
whether the absence of a compensation term in the Agreement
renders it unenforceable.

[7]   As the Court grants this motion and Plaintiff's Motion
to Dismiss (doc. no. 45), Plaintiff has no claims to proceed
with.  Thus, judgment will be entered for Defendant and against
Plaintiff on all counts.

For the reasons stated above, Defendant's Motion for Partial Summary Judgment will be granted.